Will you call the next case, please? 3-15-0157, the Yearly Bond Account by Patrick Halladay v. Daniel R. Lolling & United Contractors Midwest, Appalachia, by Craig Underwood. Mr. Halladay? Thank you. You can come on up. And by the way, before we start your clock running, Justice McDade is unable to be here, but she's a member of the panel and will be listening to the tapes and will participate in the resolution of this, so you don't have a panel of two. Procedure? Good morning, or good afternoon, excuse me. We are here in the Jerry Barnes case to address the issue of judicial estoppel. The briefs of both myself and the defendants, Daniel Lolling & United Contractors, set forth accurate facts as far as to what happened in this underlying case prior to the underlying court granting summary judgment for the defendants. And just briefly, that is that the plaintiff acknowledges that she did file for bankruptcy in 2008, followed by being involved in a motor vehicle collision. Three and a half years later, in October 2011, the plaintiff, Jerry Barnes, had only one time appeared in the bankruptcy court and did not return, had no subsequent filings or modifications done by her or her bankruptcy attorney. The motor vehicle collision then was she hired an attorney, pursued the matter, and then was not able to have any resolution or liquidate a claim and then moved on and filed a lawsuit on October 7, 2013, which is approximately six months after the final discharge letter from the bankruptcy court. So the defendants filed their motion for summary judgment in that, and the court granted it based upon the finding of judicial estoppel, meeting the five elements of the claim. Well, judicial estoppel aside, was this claim listed as an asset in the bankruptcy? It was not yet. Okay. Well, then doesn't the trustee have bankruptcy on this claim? I would argue that it doesn't because it falls outside the time frame of the discharge of the bankruptcy. The lawsuit. The lawsuit. If it was a liquidated one, it would have been within the time frame. Correct. She had two years to file the claim. To her lack of knowledge and intention, she did not know that she had to go back and file that potential claim with the bankruptcy court. And therefore, she filed a claim within the statute of limitations of two years for a personal injury claim. It isn't the issue, it's a cause of action at the point she's in or Chapter 13, correct? It's a cause of action. She has a cause of action. A potential cause, yes. Yeah. A cause of action. How successful it is is anybody's guess. You're correct. So she has a cause of action, which arguably is an asset of the bankruptcy estate, which is being managed by the trustee, correct? Correct, yeah. Okay. And so you have how many elements of judicial estoppel? I have five as of court this year. Okay. And what is the most recent Supreme Court decision that recently came down that you all wanted to wait on? Seymour v. Compton. Okay. And what does that do for your case? Well, it shows that there's not an intent to deceive the bankruptcy court. And that's what the Eleanor Supreme Court is saying?  That's why they're varying from the federal decisions? Yes, Your Honor. And this is Seventh Circuit as well? Correct. Phil, what's your argument? That my client didn't intend to deceive the bankruptcy court. She should be allowed to proceed with her underlying claim. And you're saying in answer to Justice Smith's question that she's the one that converted the claim at this point? She's been discharged? That's correct. Chapter 13? I don't see there was a difference in the Seymour case as well. Whether she had an intent to deceive would be a question of fact, wouldn't it? I would agree with that. Has there been a hearing or anything to determine whether she had an intent to deceive? No, there was not, Your Honor. The Seymour case was saying that there was presumptive, that the court presumed, right? That it hadn't been reported? That there was not an intent, yes. That there wasn't, in Seymour? Correct, in Seymour. And was Seymour, was it fair reading of Seymour that you can't apply a presumption, you have to actually make a determination, the trial court needs to, on that element? I notice that nobody wanted to add this. I motioned, I don't believe, to add this case that just came down. Your Honor, I did leave to file it, and we got it I think last week to do it, and it hasn't been done because of the timing. With respect, we did ask for an extension of time, but unfortunately the time did not come within the time period that the decision was handed down. Okay. Is there any motion in the court? I would motion the court to leave the site for the Seymour case. I'll tell you what, why don't you, when you get back to your office, file a written motion and a closing counsel, and file a motion for a scanner and a closing counsel, and have seven days to respond to that. Okay.  Mr. Unrath. Good afternoon. My name is Craig Unrath. I represent David Lawling, the truck driver and his employer, United Contractors Midwest. We were a little surprised to see the Seymour decision come down from the Illinois Supreme Court. They acknowledged that they adopted a minority position among the federal courts. So I guess the first question of the day is, does the Seymour decision sink our case? Is it fatal to our decision? And I believe that it is not. Let me ask one question, because is it bankruptcy law that controls this issue or state law? Both. Both. Bankruptcy law applies due to the lack of standing. This is a potential claim as an asset of the estate. Under Section 323 of the Bankruptcy Code, the trustee has the exclusive authority to take any, prosecute any actions or any lawsuits or any potential claims that the estate may own. Now, it's also accepted law that if an asset is not resolved at bankruptcy, it remains an asset of the estate forever. Now, it's true that the debtor can prosecute an action under the Bankruptcy Code. I believe that's Rule 6009. However, when the debtor does that, the debtor does this on behalf of the estate, not themselves. And that's precisely what's going on here, is that the plaintiff is prosecuting this action on behalf of herself, not the estate. It comes down to a pretty simple formula, is that once a bankruptcy case is filed, the debtor lacks standing to bring suit because the trustee owns the cause of action. Now, you should also take into account the automatic stay. This is one of the few things that I recall about bankruptcy law from law school, is the automatic stay, which bars anyone from taking any action for or against any asset of the estate. Now, that's precisely what's happening here. We have plaintiffs filing this cause of action on behalf of the estate in violation of the automatic stay. Any action taken outside of a bankruptcy forum in regard to this cause of action… She's filing this claim on behalf of who? Herself. Yeah, you said the estate. Oh, I'm sorry, I misspoke. She has been discharged under 13, am I correct? That's correct. And so she's brought this suit after discharge. That's correct. Are you telling me that under the bankruptcy law, the trustee, is that a valid discharge at that point if the trustee intervened? The trustee certainly has the right to intervene. And to open up a bankruptcy estate on behalf of the estate and the creditors of the estate. Can reopen the bankruptcy estate, that's correct. Right. That's correct. Any claim, any property, any chosen action that is property of the estate remains the property of the estate even after the bankruptcy. Even though not reported, presumably. Absolutely. Now, the bankruptcy trustee may choose to abandon the claim. And in which case, plaintiff would have standing to sue. But that never happened in this case. Moreover, since this is in violation of the automatic stay under bankruptcy, there is case law that will tell you that this is a void action. This action is void ab initio, to bring back another law school phrase. Returning just for a moment to Seymour decision. As I pointed out, the Seymour decision is repeatedly mentioned. It uses phrases like, under the circumstances in this case. Or it concludes a sentence, given the facts of this case. And you see this over and over again, particularly in the last few paragraphs where the court makes its holding. So you ask yourself, what are the circumstances in Seymour, the relevant circumstances? First, plaintiffs filed an affidavit saying not only their bankruptcy attorney, but the bankruptcy trustee told them that they didn't need to file this, any, did not need to report this claim. Then the bankruptcy attorney filed an affidavit. And he said, not only do they not have to report this claim, under bankruptcy law, no one has to report an unliquidated asset. And finally, and this is the nail in the coffin here, the bankruptcy attorney, the bankruptcy trustee, filed an affidavit effectively stating that the Seymours were not required to report their pending lawsuit. Now, the court said, based on these circumstances, a layman might believe that they had no reason to report it. Well, I would take issue with that. I would say even I would not report that. If the bankruptcy trustee told me I had no need to do that, I wouldn't, nor would anybody else. Now, but that goes to which element? Does it go to intentionality? It goes to a number of elements. I think it goes to taking an inconsistent position. I think, but you're right, it also comes into play with intentionality. The whole purpose of judicial estoppel is to prevent creditors from, or debtors, from playing fast and loose with the system. And in this case, the Supreme Court recognized that the plaintiff, the Seymours, could not possibly have been playing fast and loose because they were actually told, you don't have any need to report this. Now, fast and loose, or gaming the system. Gaming the system, correct. Now, you take a look at the holding of the court. And here's what the court held. It said, where there is affirmative, uncontroverted evidence that a debtor did not deliberately change positions, where there is affirmative evidence that the debtor did not employ intentional self-contradiction as a means of obtaining an unfair advantage, the purpose of judicial estoppel is not furthered by application of the doctrine in this case. In other words, the burden to show that there is evidence that there was no deliberate intent to game the system is on the credit, or on the debtor, or the plaintiff, not the defendant. In this case, in Seymour, there was clear, affirmative evidence that the debtor did not deliberately try to play fast and loose with the courts. And that's what we're missing here. Okay, so your position is that the burden is on the debtor in this case to show that they weren't intending to game the system. But in this case, did the trial judge, in looking at judicial estoppel, make a presumption that there was without any findings? That's an interesting question, Your Honor, because it ties in with the standard of review in this case. The Supreme Court struggled with this because the law is clear that the standard of review is abuse of discretion. However, the court said, if the trial court does not exercise discretion and it disposes of this on summary judgment, then we are going to apply the summary judgment standard. Now, here in this case, we're at a bit of a loss. We don't have a hearing transcript. So it's uncertain whether the court actually exercised its discretion. I think an assumption can be made that it did. However, all we have is a written order saying that all of the elements of judicial estoppel have been met. So that's really as far as we can take that. I think there's another point here in the Seymour decision that deserves to be noted. The court referenced the dissent in the appellate court case. And there the dissent said, look, the Seymours actually negotiated settlement of their personal injury claim during the pendency of the bankruptcy suit. They said this is clear evidence that they are not trying to hide anything. They said if they were trying to hide this, they would have waited until the bankruptcy case was closed. That's what happened here in our case. Your Honor, I believe that Seymour, I think there's room in Seymour to find that this case is barred under judicial estoppel. I think that it is clearly barred by lack of standing. And we urge the court to affirm. Thank you very much. Thank you. Mr. Halliday, some rebuttal? Yes, Your Honor. What Mr. Unruh said, at least to the last point that I heard, and that was that did this plaintiff wait until after the bankruptcy to try to settle this case? That's not the case. In this particular action, Mrs. Barnes hired an attorney days after the collision in October of 2011. And even their brief acknowledges that they went on to try to settle this case numerous times over the course of two years until the statute of limitations came. So I'd say that it would be opposite to that position showing that they weren't trying to hide anything. Well, was there any communication, I assume it may be wrong, that her personal injury attorney here was not her bankruptcy attorney? That is correct, Your Honor. And was there communication between the bankruptcy attorney and saying, hey, documentation, we're working on this PI claim over here? The personal injury attorney and the bankruptcy attorney did not know, or the personal injury attorney did not know about the bankruptcy at any time until this came up in discovery. And the bankruptcy attorney did not know about the PI claim at any time as well. And obviously, nor did the trustee. Correct, Your Honor. That's it? Okay. All right, well, thank you. Thank you both for your arguments here today. The matter will be taken under advisement. And as I said at the outset, Justice McDade will participate in the resolution of this case. A written disposition will be issued right now.